UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA JONES, *individually and as personal representative of ERNEST HARRIS* | CIVIL ACTION |
| v. | NO. 18-2438<br>c/w 18-2568 |
| ASSOCIATED MARINE TERMINALS, LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss Civil Action Number 18-2568 under Rule 12(b)(6).  For the reasons that follow, the motion is DENIED as moot.

**Background**

These consolidated cases arise from the death of Ernest Harris.

Ernest Harris was a Jones Act seaman employed by Associated Marine Equipment, LLC.[1]  On March 25, 2017, he was assisting crane operations at a mid-river terminal, MTC-472B, in the Mississippi River.  The crane operator, Mike Brown, was maneuvering a large

---

[1] These facts are drawn from the consolidated complaints.

barge cover using the crane controls on the D/B RANDY W (which was owned and operated by Associated Marine or Turn Services, LLC) when Mr. Brown suddenly and without warning shifted the heavy barge cover, which struck Mr. Harris in the head, causing him to fall into the Mississippi River. Mr. Harris died.

Two separate wrongful death/survival lawsuits were filed, one by Ernest's mother, Sheila Jones, and one by Ernest's father, Robert Harris. Sheila Jones sued Associated Marine Terminals, LLC and Turn Services, LLC, alleging Jones Act negligence, general maritime law claims, and vessel negligence under Section 905(b) of the Longshore Harbor Workers' Compensation Act (Civil Action Number 18-2438). Robert Harris also sued Associated Terminals LLC and Turn Services, LLC, seeking to recover for Jones Act negligence and under the general maritime law for unseaworthiness or alternatively under the Longshore and Harbor Workers' Compensation Act and under general maritime law (Civil Action Number 18-2568). The cases were consolidated. The Court granted the plaintiffs' motion to dismiss without prejudice their claims against Associated Terminals, LLC, Associated Marine Terminals, LLC, and Turn Services, LLC, which leaves only Associated Marine Equipment, LLC as the defendant in both proceedings.

Associated Marine Equipment, LLC now moves to dismiss Civil Action 18-2568, Robert Harris v. Associated Terminals, LLC, et al., on the ground that Robert Harris lacks standing to assert Jones Act and general maritime law claims against Associated Marine Equipment, LLC because he is not his son's personal representative.

I.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

II.

In moving to dismiss Robert Harris's case, Associated Marine Equipment, LLC challenges his standing to assert the Jones Act and general maritime law claims alleged in his complaint on the ground that only Sheila Jones was appointed as the administratrix of their son's estate by the 24th Judicial District Court for the Parish of Jefferson. Robert Harris opposes the motion to dismiss on the ground that, as of May 24, 2018, Robert Harris was appointed as an independent co-administrator of their son's succession.

Originally, even though both Sheila Jones and Robert Harris jointly petitioned the 24th Judicial District Court to be appointed as independent co-administrators of Ernest Harris's estate, only Sheila Jones (Ernest's mother) was confirmed as the administratrix and personal representative of Ernest Harris's estate. According to counsel for Robert Harris, this was due to a defect in the order attached to the petition. According to Robert Harris's submission, Sheila Jones and Robert Harris jointly petitioned the state court to amend its prior defective order. The request was granted. See In re Succession of Ernest Harris, No. 773-094, 24th JDC, order dtd. 5/24/18 (amending 6/28/17 order to reflect that "Sheila Jones

5

and Robert Harris are Independent Co-Administrators of the Succession of Decedent, Ernest Harris"). Because Robert Harris has demonstrated that he was appointed as a co-administrator of his son's succession, IT IS ORDERED: that the defendant's motion to dismiss Civil Action Number 18-2568 is DENIED as moot.[2]

New Orleans, Louisiana, June 13, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The defect was cured in state court only after the defendant moved to dismiss Robert Harris's lawsuit in this Court.